DOHME, Appellant,

v.

EURAND AMERICA, INC., Appellee.

[Cite as *Dohme v. Eurand Am., Inc.*, 189 Ohio App.3d 343, 2010-Ohio-3905.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23653.

Decided Aug. 20, 2010.

David Duwel and Todd Duwel, for appellant.

Todd Penney, for appellee.

BROGAN, Judge.

{¶ 1} Randall Dohme has appealed a trial court's order entering summary judgment in favor of Eurand, Inc. (formerly Eurand America, Inc.) on a claim for wrongful discharge in violation of public policy. Dohme alleges that Eurand fired him for expressing concerns regarding the state of the company's fire-alarm system to an insurance inspector visiting Eurand to perform a site survey and risk assessment. In *Dohme v. Eurand Am., Inc.*, 170 Ohio App.3d 593, 2007-Ohio-865, 868 N.E.2d 701, we held that the trial court erred when it concluded that no public policy protected Dohme from being fired for sharing information with the inspector that related to workplace safety. But our judgment and opinion were vacated by the Ohio Supreme Court in *Dohme v. Eurand Am., Inc.*, 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174, after it determined that the

trial court's order was not final and appealable. After correcting the problem, Dohme again appealed the order. Again and for the same reasons, we reverse.

{¶ 2} On June 9, 2003, Dohme brought suit against his former employer Eurand, Inc., alleging violations of Ohio public policy relating to workplace safety, the federal Family and Medical Leave Act, and the Ohio Minimum Fair Wage Standards Act. Soon after, Eurand removed the case to federal court. The district court granted Eurand summary judgment on the Family and Medical Leave Act claim and transferred the two state-law claims back to the common pleas court. Eurand immediately moved for summary judgment on these two claims. On November 21, 2005, the trial court granted Eurand summary judgment on the claim for wrongful discharge but not on the Minimum Fair Wage Standards Act claim. Dohme voluntarily dismissed his FLSA claim, which the parties believed would make the trial court's order final and appealable. On March 2, 2007, we reversed the trial court's grant of summary judgment and remanded the case for trial.

{¶ 3} Eurand appealed our decision to the Ohio Supreme Court, and on October 1, 2008, the court accepted the appeal. The court agreed to consider three propositions of law:

{¶ 4} "**Proposition of Law No. I:** To satisfy the clarity element of a wrongful discharge claim an employee must articulate a policy based in existing Ohio law that addresses the specific facts of the incident rather than merely making a generic reference to workplace safety."

{¶ 5} "**Proposition of Law No. II:** To satisfy the jeopardy element of a wrongful discharge claim based upon an alleged retaliation for voicing concerns regarding workplace safety an employee must voice the concerns to a supervisory employee of the employer or to a governmental body."

{¶ 6} "**Proposition of Law No. III:** To satisfy the jeopardy element of a wrongful discharge claim based upon an alleged retaliation an employee must advise the employer or act in a manner that reasonably apprises the employer that the employee's conduct implicates a public policy."

{¶ 7} On February 11, 2009, the court issued its opinion, but it did not address any of the above propositions. After accepting Eurand's appeal, the court had decided *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, in which it considered the question "whether a plaintiff that had asserted multiple claims against a single defendant, when some of those claims had been ruled upon but not converted into a final order under Civ.R. 54(B), could create a final, appealable order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims asserted against the defendant." *Dohme,* 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174, at ¶ 3. The court held that a plaintiff

could not create a final, appealable order this way. *Pattison* at ¶ 1. Said the court, "During the preparation of the opinion in this case [*Dohme*], a thorough review of the record revealed that following the trial court's order dated November 21, 2005, which granted Eurand America's motion for summary judgment and dismissed Dohme's discharge-in-violation-of-public-policy claim, Dohme voluntarily dismissed his remaining claim (violations of R.C. 4111.01) without prejudice pursuant to Civ.R. 41(A). The trial court's order entered on March 7, 2006, specifically noted that the November 21, 2005 order was *not* a final, appealable order." (Emphasis sic.) *Dohme* at ¶ 4. "Thus, Dohme," the court concluded, "dismissed his remaining claim without prejudice pursuant to Civ.R. 41(A) in order to create a final, appealable order." Id. Because the order Dohme appealed from was not a final, appealable order, the court, on the authority of *Pattison*, vacated our judgment and opinion and remanded the case to the trial court. In the trial court, after the parties settled the FLSA claim, Dohme dismissed it with prejudice, rendering the trial court's November 21, 2005 judgment final and appealable.

{¶ 8} Dohme has for the second time appealed that judgment, and he assigns a single error to the trial court's grant of summary judgment on his claim for wrongful discharge. This is not a motion for reconsideration, and we see no significant change in the relevant legal landscape that compels us to disturb our prior decision. We believe our decision in *Dohme v. Eurand Am., Inc.*, 170 Ohio App.3d 593, 2007-Ohio-865, 868 N.E.2d 701, is correct, and we adopt that decision here in its entirety. Accordingly, for the reasons stated there, the sole assignment of error is sustained.

{¶ 9} The Ohio Supreme Court, having previously accepted Eurand's appeal of this case, has signaled that this case raises issues meriting the high court's review. It is likely then that were Eurand to appeal our decision, the court would again assert its jurisdiction. Nevertheless, now the judgment of the trial court is reversed, and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

DONOVAN, P.J., and FAIN, J., concur.