JOURNAL ENTRY and OPINION
{¶ 1} Defendant-employer W.W. Grainger, Inc. terminated plaintiff-employee Wally Pattison, a fifty-year-old salesperson, when he failed to make his sales goal for the fifth consecutive year. Believing himself to be the victim of age discrimination, Pattison brought suit alleging age discrimination and wrongful discharge in violation of Ohio public policy. He sought compensation in the form of back and front pay, as well as punitive damages. Grainger filed a motion for summary judgment in which it argued that Pattison failed to set forth a prima facie case of age discrimination because his poor job performance rendered him unqualified for the position of salesperson. The court agreed and granted summary judgment. We find, reluctantly, that we lack a final appealable order because the public policy claim for relief is still extant.
 {¶ 2} Civ.R. 54(B) states:
 {¶ 3} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 4} Pattison filed a two-count complaint. The first count alleged age discrimination under R.C. 4112.02(A). The second count alleged that his termination violated Ohio's public policy against employment discrimination as set forth in R.C. 4112.02 et seq.
 {¶ 5} Grainger's motion for summary judgment addressed the first count of the complaint, but made no mention of the second count of the complaint. In fact, nowhere in the motion for summary judgment are the words "public policy" mentioned. The court's summary judgment likewise failed to address the public policy claim. That claim is therefore still extant. Because the court failed to certify that there was no just reason for delay, the summary judgment is not final as to all of Pattison's claims.
 {¶ 6} Our reluctance to dismiss this case is based on Wilesv. Medina Auto Parts, 96 Ohio St.3d 240, 2002-Ohio-3994, which arguably renders Pattison's public policy claim redundant to the statutory age discrimination claim. Nevertheless, the impact of the Wiles decision on public policy claims of age discrimination is still open to question. See Gessner v. City ofUnion, 159 Ohio App.3d 43, 2004-Ohio-5770, at ¶ 20; Ferraro v.B.F. Goodrich Co., 149 Ohio App.3d 301, 316-317, 2002-Ohio-4398;Mercurio v. Honeywell (S.D.Ohio), No. C-1-02-275, 2003 U.S. Dist. Lexis 9521 at *6.
 {¶ 7} Although we review summary judgments de novo, Graftonv. Ohio Edison Co., 77 Ohio St.3d 102, 1996-Ohio-336, Civ.R. 56 specifically endows the trial court with authority to decide summary judgment motions in the first instance. Indeed, ArticleIV, Section 3(B)(2) of the Ohio Constitution specifically limits our power to "* * * review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." It is the trial court's function to rule on the public policy claim in the first instance.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellees recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Celebrezze, Jr., J., concur.