PATTISON, APPELLANT, *v.* W.W. GRAINGER, INC. ET AL., APPELLEES.

[Cite as *Pattison v. W.W. Grainger, Inc.,*
120 Ohio St.3d 142, 2008-Ohio-5276.]

(No. 2007–1345—Submitted April 9, 2008—Decided October 16, 2008.)

PFEIFER, J.

{¶ 1} We hold today that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant.

### Factual and Procedural Background

{¶ 2} On May 6, 2003, plaintiff-appellant, Wally Pattison, brought an action in the Cuyahoga County Court of Common Pleas against his former employer, defendant-appellee W.W. Grainger, Inc., alleging age discrimination in violation of R.C. 4112.02(A) and wrongful termination based upon a violation of public policy. The trial court granted Grainger's motion for summary judgment on June 21, 2005.

{¶ 3} Pattison appealed that decision to the Eighth District Court of Appeals, which dismissed the appeal for lack of a final, appealable order. The court found that Grainger's motion for summary judgment had addressed only the first count of Pattison's complaint, ignoring his public-policy claim, and that the trial court's summary judgment had likewise failed to resolve that claim. The appellate court concluded, "We find, reluctantly, that we lack a final appealable order because the public policy claim for relief is still extant." *Pattison v. W.W. Grainger,* Cuyahoga App. No. 86698, 2006-Ohio-1845, 2006 WL 951452, ¶ 1.

{¶ 4} On June 29, 2006, Pattison filed in the trial court a Civ.R. 41(A)(1)(a) notice, dismissing the common-law claim without prejudice. A journal entry stating that this claim was dismissed pursuant to this notice of dismissal was filed by the trial court on July 10, 2006.

{¶ 5} Pattison then filed a second notice of appeal on August 9, 2006, which was more than 30 days from the filing of the voluntary dismissal, but less than 30

days from the trial court's journal entry referring to the notice of the dismissal. The appellate court dismissed the second appeal for being untimely filed. The appellate court held that the Civ.R. 41(A)(1)(a) dismissal of the public-policy claim was valid but that the 30–day period set forth in App.R. 4(A) had started to run upon the filing of the dismissal rather than on the date it was memorialized by the trial court.

{¶ 6} The controversy in this case is not about whether the appeal was timely filed but instead is about whether Pattison's voluntary dismissal of his public-policy claim created a final, appealable order upon which the appellate court could enter a judgment. Pattison is in the unusual position of arguing that the order he himself appealed from was not, in fact, a final, appealable order.

{¶ 7} The court below noted that its holding that a plaintiff could voluntarily dismiss a claim pursuant to Civ.R. 41(A) in order to create a final, appealable order conflicted with "the near unanimity of our other appellate districts." *Pattison v. W.W. Grainger*, 2007-Ohio-3081, 2007 WL 1776468, ¶ 9. The court quoted at ¶ 5 the Second District Court of Appeals' decision in *Borchers v. Winzeler Excavating Co.* (April 10, 1992), Montgomery App. No. 13297, 1992 WL 82681, as an example of the contrary view. The court in *Borchers* wrote:

{¶ 8} "In our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action. To do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law." *Borchers*, 1992 WL 82681 at *1.

{¶ 9} Concurrently with its dismissal, and recognizing its conflict with *Borchers*, the Eighth District sua sponte certified the following question to this court:

{¶ 10} "In a case where a plaintiff has asserted multiple claims against a single defendant and some of those claims have been ruled upon but not converted into a final order with Civ.R. 54(B), can the plaintiff create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims asserted against that defendant?"

{¶ 11} The cause is before this court upon the certification of a conflict.

### Law and Analysis

{¶ 12} Civ.R. 41(A)(1) states that "a plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial." (Emphasis added.)

{¶ 13} In its opinion, the Eighth District recognized that as to Civ.R. 41(A)(1)(a), "[m]ost of the courts in this state have construed the language 'all claims' literally." *Pattison*, 2007-Ohio-3081, 2007 WL 1776468, ¶ 5. That is, most

courts allow plaintiffs to use Civ.R. 41(A)(1)(a) only to dismiss *all* of the claims against a particular defendant. The court below, however, stated that allowing plaintiffs to use Civ.R. 41(A)(1)(a) to create a final, appealable order "streamlines the process for obtaining final orders when Civ.R. 54(B) certification has not been obtained." Id. at ¶ 9. The appellate court noted that in the interest of judicial economy, the method employed by Pattison is preferable to requiring a plaintiff to amend a complaint under Civ.R. 15(A), which requires either leave of court or written consent of the opposing party, and which the court described as "awkward" and "cumbersome." Id. at ¶ 10.

{¶ 14} Civ.R. 41(A)(1)(a) was amended following this court's decision in *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184. Prior to the 2001 amendment, Civ.R. 41(A)(1) read:

{¶ 15} "[A]n action may be dismissed by the plaintiff without order of court * * * by filing a notice of dismissal at any time before the commencement of trial." 29 Ohio St.2d lxvi.

{¶ 16} The key difference between the pre-*Denham* rule and the current rule is that the pre-*Denham* rule stated that "*an action* may be dismissed by the plaintiff," whereas the current rule reads that a plaintiff "may dismiss *all claims* asserted by that plaintiff against a defendant." (Emphasis added.) In *Denham*, this court essentially held that "an action" in the pre-*Denham* version of the rule meant "all claims" asserted against a particular defendant. Civ.R. 41(A) was amended in 2001 "to reflect more precisely its interpretation by the Supreme Court in *Denham v. City of New Carlisle,* 86 Ohio St.3d 594, 716 N.E.2d 184 (1999)." Staff Note to July 1, 2001 amendment.

{¶ 17} *Denham* was a wrongful-death action brought against multiple defendants. The plaintiff, the wife of the deceased, alleged that the EMS employees of the city had been negligent in providing care to her husband, leading to his death. The city was granted summary judgment based on immunity under R.C. 2744.02. The plaintiff then dismissed her remaining claims against all other defendants under Civ.R. 41(A)(1). Despite those dismissals, the appellate court found that the summary-judgment order was not a final, appealable order and dismissed the appeal.

{¶ 18} This court reversed the appellate court. Relying on case law interpreting the federal version of the rule, this court held, "A trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." *Denham,* 86 Ohio St.3d 594, 716 N.E.2d 184, syllabus. The language used in both *Denham* and Civ.R. 41(A)(1) expressly states that the rule can be used to dismiss "all claims" against a single defendant. It does not allow for the dismissal of a

*portion* of the claims against a certain defendant. Civ.R. 41(A) applies to discrete parties, not discrete causes of action. In *Denham*, this court wrote that a Civ.R. 41(A) dismissal "render[s] the parties as if no suit had ever been brought, but only with respect to the parties dismissed." *Denham*, 86 Ohio St.3d at 597, 716 N.E.2d 184. However, when used as in this case to dismiss only certain causes of action, Civ.R. 41(A) does not place the defendant in the position he would be in "if no suit had ever been brought," since the case against the defendant continues in the court of appeals.

{¶ 19} As recognized by the Eighth District Court of Appeals, other appellate districts faced with this question have found that dismissal of a single claim among others against the same defendant is not permitted by Civ.R. 41. These holdings have been based on the text of the rule itself, as well as the general policy against piecemeal litigation. See *Borchers v. Winzeler Excavating* (Apr. 10, 1992), 2d Dist. No. 13297, 1992 WL 82681 ("In our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action") (decided under former version of Civ.R. 41); *Savage v. Cody–Zeigler, Inc.*, 4th Dist. No. 06CA5, 2006-Ohio-2760, 2006 WL 1514273, ¶ 33 ("A plain reading of Civ.R. 41(A) reveals that it allows a plaintiff 'to dismiss *all claims*' asserted against a defendant, but contains no mechanism for the dismissal of a single claim" [emphasis sic] ); *Kildow v. Home Town Improvements*, 5th Dist. No. CT2001–0057, 2002-Ohio-3824, 2002 WL 1729936, ¶ 11 ("We therefore hold that appellant's attempt to dismiss the remaining contract claims via Civ.R. 41(A)(1) was a nullity; hence said claims remain unadjudicated"); *Reagan v. Ranger Transp., Inc.* (1995), 104 Ohio App.3d 15, 18, 660 N.E.2d 1234 ("a party cannot dismiss claims pursuant to Civ.R. 41(A)(1)(a) because such rule permits only the dismissal of actions") (decided under former version of the rule); *Lewis v. J.E. Wiggins & Co.*, 10th Dist. Nos. 04AP–469, 04AP–544, and 04AP–668, 2004-Ohio-6724, 2004 WL 2895960, ¶ 17. Many of these opinions noted that the proper procedure for a plaintiff to dismiss fewer than all claims against a single defendant is to amend the complaint pursuant to Civ.R. 15(A). E.g. *Reagan* at 18, 660 N.E.2d 1234; *Kildow*; *Lewis*, supra.

{¶ 20} Civ.R. 41(A) allows for a dismissal of all claims against particular defendants. The lower court's position regarding judicial economy and the need to streamline cases suffers in that, were Civ.R. 41(A) to be used to dismiss fewer than all of the claims against a certain defendant, a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later. To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants. In cases in which all claims against a party are dismissed without prejudice, there still is the risk of the action being refiled, but the amount of potential litigation that a defendant is subjected to is the same.

When an individual claim against a defendant is dismissed without prejudice, however, the defendant is forced to go through the appeal process and may perhaps still be subjected to the dismissed claim upon refiling. The defendant in that situation is vulnerable to an increased overall burden due to the Civ.R. 41 dismissal.

{¶ 21} The Eighth District gave little weight to this possibility, stating that "it has been our experience that plaintiffs who voluntarily dismiss a cause of action in order to create a final order rarely, if ever, refile those dismissed claims." 2007-Ohio-3081, 2007 WL 1776468, at ¶ 9. Such anecdotal evidence could be useful were the Commission on the Rules of Practice and Procedure in Ohio Courts to rewrite Civ.R. 41, but that evidence should play no role in justifying the appellate court's ignoring of the rule's dictates as it is currently written.

{¶ 22} Therefore, we answer the question certified by the court of appeals in the negative. Accordingly, we reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

———————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 23} I respectfully dissent from the majority's reading of Civ.R. 41(A) because I believe that the majority's interpretation is unworkable, puts the plaintiff in an untenable position, and does not resolve the problem of piecemeal litigation as it purports to. I believe that Civ.R. 41(A) permits a party to dismiss fewer than all the claims in a multicount complaint, thereby creating a final, appealable judgment as to any other claim or claims that have been adjudicated. Alternatively, I would hold that courts should treat a Civ.R. 41(A) notice of dismissal of the remaining claims in a multicount complaint as a Civ.R. 15(A) motion for leave to amend the complaint to dismiss the claim or claims.

{¶ 24} The majority's holding leaves a plaintiff in a conundrum. In order to appeal an adverse judgment on one or more claims of a multicount complaint, a plaintiff must dismiss *with* prejudice all other unresolved claims. This requirement forces the plaintiff to give up potentially meritorious claims. Alternatively, a plaintiff must proceed on the remaining unresolved claims, which may be so weak or peripheral that the parties and the court are forced to waste their time. And regardless of whether a plaintiff is successful on the remaining claims, if the

plaintiff prevails in reversing the trial court's judgment, both parties are still forced into piecemeal litigation through a second trial.

## Civ.R. 41(A)

{¶ 25} I believe that a party can dismiss one or more claims, but fewer than all the claims, in a multicount complaint under Civ.R. 41(A). In *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184, the plaintiff, wife of the deceased, alleged that the EMS employees of the city had negligently provided care to her husband, which resulted in his death. The city was granted summary judgment based on immunity under R.C. 2744.02. The wife then voluntarily dismissed her claims against the remaining defendants under Civ.R. 41(A)(1) and appealed the summary judgment in favor of the city.

{¶ 26} The court of appeals dismissed the wife's appeal, finding that it was not a final, appealable order. Following the rationale of Fed.R.Civ.P. 41(a)(1), we reversed the judgment of the court of appeals, holding that a dismissal of the remaining defendants created a final, appealable order as to the summary judgment granted to the city, even though when the plaintiff dismissed the remaining defendants, she did so without prejudice under Civ.R. 41(A)(1). A dismissal without prejudice (unless the case was dismissed once before or the notice of dismissal states otherwise) allows a plaintiff to refile the claims against the dismissed parties.

{¶ 27} Here, the court of appeals found that the trial court had granted summary judgment on one *claim*. I believe that there is no difference between dismissing claims and dismissing parties. By filing a Civ.R. 41(A)(1) notice of dismissal of all remaining claims, the action was terminated. Dismissal of either all remaining claims or parties results in a final, appealable order as to any remaining claims that went to judgment. Contrary to the majority, I would hold that Pattison's dismissal of the remaining common-law claim resulted in the dismissal of the entire action, thereby converting the summary judgment in favor of Grainger into a final, appealable order, just as in *Denham*.

{¶ 28} Contrary to the majority's holding, I believe that the better result was reached by the court in *Eiland v. Coldwell Banker Hunter Realty* (1997), 122 Ohio App.3d 446, 451–452, 702 N.E.2d 116, which recognized that a claim or party may be dismissed to create a final, appealable order as to the remaining claim or claims decided on the merits. See also *Coffey v. Foamex L.P.* (C.A.6, 1993), 2 F.3d 157, 159. Dismissing the remaining unresolved claims converts the order of judgment on the other claims into a final, appealable order. Most of the time, an appeal following such a dismissal involves the crux of the case and will either terminate the litigation or allow the entire case, if judgment is reversed, to proceed to trial. This *promotes* judicial economy.

{¶ 29} In the alternative, I believe that courts should treat a Civ.R. 41(A) notice of dismissal of fewer than all the claims in a multicount complaint as a Civ.R. 15(A) motion for leave to amend.

{¶ 30} With little elaboration, the majority states that parties seeking to dismiss fewer than all claims in a multicount complaint should file a motion for leave to amend. Determining whether dismissing fewer than all the claims in a multicount complaint is more appropriately accomplished by moving for leave to amend a complaint, as opposed to a notice of dismissal, is "more technical than substantial." *Mgt. Investors v. United Mine Workers of Am.* (C.A.6, 1979), 610 F.2d 384, 395, fn. 22 (interpreting analogous Fed.R.Civ.P. 15(A) and 41(a)). Thus, courts should be required to treat a Civ.R. 41(A) notice of dismissal of fewer than all the claims in a multicount complaint as a Civ.R. 15(A) motion for leave to amend plaintiff's complaint to dismiss those claims. See *Lewis v. J.E. Wiggins & Co.*, Franklin App. Nos. 04AP–469, 04AP–544 and 04AP–668, 2004-Ohio-6724, 2004 WL 2895960, ¶ 17 ("a motion to voluntarily dismiss less than all claims in a multi-count complaint is properly treated as an amendment under Civ.R. 15(A));" see also *Boyce v. Augusta–Richmond Cty.* (S.D.Ga.2000), 111 F.Supp.2d 1363, 1374 ("Because the Plaintiffs do not seek to dismiss the entire action, but only request dismissal of four claims from their complaint, the Court construes the motion as a Rule 15[a] motion to amend").

{¶ 31} I believe that Civ.R. 15(A) provides a superior method to assess whether a motion to dismiss some, but not all, claims in a multicount complaint should be permitted. Under this rule, once a responsive pleading has been filed, courts have discretion whether to permit a party to amend its pleading. Civ.R. 15(A). However, "[l]eave of court [to amend] shall be freely given when justice so requires." Id. Thus, under Civ.R. 15(A), a court should freely grant parties leave to dismiss fewer than all claims in a multicount complaint "when justice so requires."

{¶ 32} Therefore, I would hold that the Civil Rules permit a party to dismiss fewer than all the claims in a multicount complaint, thereby converting any remaining claim or claims that have been adjudicated into a final, appealable order. In the instant case, I would hold that Pattison's dismissal of the common-law claim was permitted under either Civ.R. 41(A) or Civ.R. 15(A). Accordingly, I respectfully dissent.

---

Caryn Groedel & Associates Co., L.P.A., Caryn M. Groedel, and Jennifer L. Speck, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., James E. Davidson, and Aaron L. Granger, for appellees.