DOHME, APPELLEE, *v.* EURAND AMERICA, INC., APPELLANT.

[Cite as *Dohme v. Eurand Am., Inc.,* 121
Ohio St.3d 277, 2009-Ohio-506.]

(No. 2007–0640—Submitted February 6, 2008—Decided February 11, 2009.)

{¶ 1} Appellee, Randall J. Dohme, filed a complaint against appellant, his former employer, Eurand America, Inc., alleging wrongful retaliation, discharge in violation of public policy and violations of R.C. 4111.01.[1]  After the trial court granted summary judgment to Eurand America on the discharge-in-violation-of-public-policy claim, Dohme appealed, and the court of appeals reversed. *Dohme v. Eurand Am., Inc.,* 170 Ohio App.3d 593, 2007-Ohio-865, 868 N.E.2d 701.

{¶ 2} We accepted Dohme's appeal on Proposition of Law Nos. II and III under our discretionary authority. *Dohme v. Eurand Am., Inc.,* 114 Ohio St.3d 1424, 2007-Ohio-2904, 868 N.E.2d 679.  Following oral argument, we also accepted jurisdiction and ordered briefing on Proposition of Law No. I. *Eurand Am., Inc. v. Dohme,* 119 Ohio St.3d 1471, 2008-Ohio-4911, 894 N.E.2d 331.

{¶ 3} We recently considered in *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, the question of whether a plaintiff that had asserted multiple claims against a single defendant, when some of those claims had been ruled upon but not converted into a final order under Civ.R. 54(B), could create a final, appealable order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims asserted against the defendant.  We held that a plaintiff may *not* create a final, appealable order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the defendant. *Pattison* at ¶ 1.

{¶ 4} During the preparation of the opinion in this case, a thorough review of the record revealed that following the trial court's order dated November 21, 2005, which granted Eurand America's motion for summary judgment and dismissed Dohme's discharge-in-violation-of-public-policy claim, Dohme voluntarily dismissed his remaining claim (violations of R.C. 4111.01) without prejudice

---

1. Although not pertinent to this appeal, Dohme's complaint also raised a third count.

pursuant to Civ.R. 41(A). The trial court's order entered on March 7, 2006, specifically noted that the November 21, 2005 order was *not* a final, appealable order. The March 7, 2006 order also noted that Dohme "retains all legal rights to re-file such claim as is provided under Civil Rule 41(A) and other Ohio law." Thus, Dohme dismissed his remaining claim without prejudice pursuant to Civ.R. 41(A) in order to create a final, appealable order.

{¶ 5} Notwithstanding that the parties have not raised the issue of whether the order appealed from in this case was a final, appealable order, our jurisprudence requires that we consider whether our decision in *Pattison* applies in this case. Because this case is indistinguishable from *Pattison*, for the reasons stated in *Pattison*, the order appealed from was not a final, appealable order.

{¶ 6} Accordingly, the judgment and opinion of the court of appeals are vacated on the authority of *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126. The cause is remanded to the trial court for further proceedings.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 7} I respectfully dissent for the reasons set forth in my dissenting opinion in *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 23–32.

---

Duwel & Associates, David M. Duwel, and Todd T. Duwel; and Gittes & Schulte and Frederick Martin Gittes, for appellee.

Scheuer, Mackin & Breslin, L.L.C., and Todd D. Penney, for appellant.

Tate & Renner and Richard R. Renner, urging affirmance for amicus curiae, Ohio Employment Lawyers Association.