[Cite as *Mahoney v. HB Emp. Servs., L.L.C.*, 2011-Ohio-5186.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.    96603

---

## GERALDINE MAHONEY

PLAINTIFF-APPELLANT

vs.

## HB EMPLOYEE SERVICES, L.L.C., ET AL.

DEFENDANTS-APPELLEES

---

JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No.    CV-717684

BEFORE:   E.    Gallagher, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**ATTORNEYS FOR APPELLANT**

Amy S.   Glesius
Matthew D.   Besser
Bolek Besser Glesius LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio   44124


**ATTORNEY FOR APPELLEES**

Kathryn W.   Pascover
Ford & Harrison LLP
795 Ridge Lake Boulevard
Suite 300
Memphis, Tennessee   38120


EILEEN A.   GALLAGHER, J.:

{¶ 1} Geraldine Mahoney appeals from the trial court's grant of defendants' Horizon Bay Employee Services, L.L.C., and Horizon Bay Manager's (hereinafter "Horizon Bay") motion for summary judgment on her claim of negligent retention, training, and supervision.   Mahoney argues that the trial court erred when it determined that her claim was untimely. For the reasons that follow, we dismiss for lack of a final appealable order.

{¶ 2} Mahoney was formerly employed as an administrative assistant at Woodside Village, a retirement community in Bedford, Ohio owned and operated by Horizon Bay. In October 2005, Kerri Bemus became the Woodside Village office manager and Mahoney's supervisor. Mahoney claimed that shortly after becoming her supervisor, Bemus began treating Mahoney less favorably than substantially younger employees because of Mahoney's age. Mahoney alleged that Bemus criticized her, denied her breaks, denied her the opportunity to attend administrative meetings, and made negative comments about her age.

{¶ 3} On May 16, 2008, Horizon Bay terminated Mahoney's employment. Mahoney alleged that her termination and Bemus's discriminatory conduct was the result of Horizon Bay's and Jill Risner's, Bemus's supervisor, failure to sufficiently and/or effectively train Bemus on equal employment opportunity laws and that Horizon Bay failed to exercise reasonable care in retaining, training and/or supervising Bemus in her capacity as a managerial employee. On February 5, 2010, Mahoney filed the instant lawsuit against Horizon Bay, Bemus, Risner, and CallSource Incorporated alleging age discrimination, aiding and abetting age discrimination, negligent retention, training, and supervision, and unlawful wiretapping. Claims one, two, and four applied to all four defendants while

Mahoney's claim of negligent retention, training, and supervision applied only to Horizon Bay. On April 30, 2010, Horizon Bay, Bemus, and Risner filed a motion to dismiss, or alternatively, a motion for summary judgment on all claims. Specifically, the defendants claimed the following: Mahoney's claims of age discrimination and aiding and abetting age discrimination must fail because Mahoney elected to pursue those charges with the Equal Employment Opportunity Commission; Mahoney's claim of unlawful wiretapping must fail because an exception to the wiretapping statute applied; and lastly, Mahoney's claim of negligent retention, training, and supervision was untimely. On August 27, 2010, the trial court granted the defendants' motion for summary judgment.

{¶ 4} On September 28, 2010, Mahoney voluntarily dismissed, without prejudice, three of the four claims against the only-remaining defendant, CallSource Inc. Only Mahoney's claim of aiding and abetting age discrimination remained. On October 15, 2010, CallSource filed a motion to dismiss the remaining claim, which the trial court granted on March 2, 2011.

{¶ 5} Mahoney now appeals the trial court's dismissal of her claim of negligent retention, training, and supervision, which she alleges became a final order when the trial court dismissed the last remaining claim against CallSource Inc. on March 2, 2011.

{¶ 6} However, as an initial matter, we find that the judgment from which Mahoney appeals is not a final appealable order. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter.

{¶ 7} In *Pattison v. W.W. Grainger*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, the Ohio Supreme Court determined that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not been converted into a final appealable order, a plaintiff may not create a final order by voluntarily dismissing without prejudice the remaining claims against the same defendant.

{¶ 8} In *Pattison,* the Supreme Court interpreted the language of Civ.R. 41(A)(1), which states "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial." The court interpreted this language to find that dismissal of a single claim among others against the same defendant is not permitted by Civ. 41. See *Denham v. City of New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184.

The court further stated:

> "The language used in both *Denham* and Civ.R. 41(A)(1) expressly states that the rule can be used to dismiss 'all claims' against a single defendant. It does not allow for the dismissal of a portion of the claims against a certain defendant. Civ.R. 41(A) applies to discrete parties, not discrete causes of action. In *Denham*, this court wrote that a Civ.R. 41(A) dismissal 'render[s] the parties as if no suit had ever been brought, but only with respect to the parties dismissed.' *Denham*, 86 Ohio St.3d at 597, 716 N.E.2d 184. However, when used as in this case to dismiss only certain causes of action, Civ.R. 41(A) does not place the defendant in the position he would be in 'if no suit had ever been brought,' since the case against the defendant continues in the court of appeals."

{¶ 9} Although the procedural facts in the instant case are distinguishable from the procedural history of *Pattison*, we find the Ohio Supreme Court's logic equally applicable. In the present case, Mahoney voluntarily dismissed three out of the four causes of action against CallSource Inc. pursuant to Civ.R. 41(A)(1). Less than one month later, the trial court granted CallSource's motion to dismiss the remaining claim. Accordingly, this case presents the reverse of the facts as contained in *Pattison*. Nonetheless, the Supreme Court's holding that Civ.R. 41(A)(1) cannot be used to dismiss partial claims against a single defendant applies equally to this case. To allow otherwise would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law. *Borchers v. Winzeler Excavating Co.* (Apr. 10, 1992), Montgomery App. No. 13297; *Pattison*.

{¶ 10} Thus, we conclude that Mahoney's use of Civ.R. 41(A)(1) to partially dismiss CallSource Inc. from the instant lawsuit does not create a final appealable order when the trial court later dismisses with prejudice, the last remaining claim against that same defendant. See, also, Civ.R. 41(A)(1); *Pattison*; *Borchers*; and *Savage v. Cody-Zeigler, Inc.,* Athens App. No. 06CA5, 2006-Ohio-2760.

{¶ 11} For the foregoing reasons, this appeal is hereby dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A.   GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
JAMES J.   SWEENEY, J., CONCUR

Appendix

Assignment of Error:

> "I.   Even though Geraldine Mahoney filed her negligent retention, training and supervision claim within two years of at least one of the

tortious acts she alleged against her former employer and supervisors, the trial court dismissed her claim as untimely.   It erred in doing so.”