[Cite as *Bilinovich v. Klinck*, 2012-Ohio-4431.]

STATE OF OHIO        )     IN THE COURT OF APPEALS
                        )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

BRIAN M. BILINOVICH, et al.             C.A. No.      11CA0042

    Appellants

    v.                               APPEAL FROM JUDGMENT
                                        ENTERED IN THE
CAMERON R. KLINCK, et al.          COURT OF COMMON PLEAS
                                        COUNTY OF WAYNE, OHIO
    Defendants                    CASE No.     08-CV-0207

and

MOTORISTS MUTUAL INSURANCE
COMPANY

    Appellee

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

---

MOORE, Presiding Judge.

**{¶1}** Plaintiffs-Appellants, Brian and Laura Bilinovich (collectively "the Bilinoviches"), appeal from the June 29, 2010 order of the Wayne County Court of Common Pleas granting Defendant-Appellee's, Motorists Mutual Insurance Company ("Motorists"), motion for summary judgment and denying the Bilinoviches' motion for summary judgment, and the August 2, 2011 judgment entry resolving all remaining claims. For the following reasons, we reverse.

I.

{¶2} In March of 2008, the Bilinoviches filed a complaint against various defendants, including Cameron R. Klinck, for unauthorized timbering on their property. The complaint alleged that Mr. Klinck trespassed on their property, converted their property, and violated R.C. 901.51 by recklessly cutting down, destroying, and otherwise injuring vines, bushes, saplings, and trees. The complaint also requested punitive damages, alleging that Mr. Klinck's actions were intentional and malicious. Mr. Klinck filed a pro se answer to the Bilinoviches' first complaint. Subsequently, the Bilinoviches filed an amended complaint that Mr. Klinck failed to answer. The trial court granted the Bilinoviches' motion for default judgment against Mr. Klinck, for liability only, and later held a damages hearing.

{¶3} At the damages hearing, the trial court entered judgment against Mr. Klinck in the amount of $75,000 for trespass, and $225,000 for violating R.C. 901.51. The Bilinoviches, by oral motion, "voluntarily dismissed" the claims for conversion and punitive damages pursuant to Civ.R. 41(A).

{¶4} Motorists had issued a commercial general liability insurance policy to Mr. Klinck. The Bilinoviches attempted to file a supplemental complaint against Motorists in order to collect the monies owed to them by Klinck on the judgment. R.C. 3929.06 states, in relevant part, that:

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

(2) If, within thirty days after the entry of the final judgment * * *, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. * * * [T]he civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

{¶5} In their supplemental complaint, the Bilinoviches alleged that, at the time of the unauthorized timbering, Mr. Klinck was insured under Motorists' commercial general liability policy ("the Policy"). Further, the Bilinoviches alleged that the Policy had a limit of $1,000,000 per occurrence. Both the Bilinoviches and Motorists filed cross-motions for summary judgment, and the trial court denied the Bilinoviches' motion and granted Motorists' motion.

{¶6} The Bilinoviches appealed. In a journal entry dated October 1, 2010, this Court dismissed the appeal for lack of jurisdiction because (1) an issue remained as to the amount of damages awarded to defendant and cross-claimant, CSX Transportation, Inc., and (2) the trial court's order did not contain a certification under Civ.R. 54(B). The trial court issued a judgment entry dated November 1, 2010, awarding CSX Transportation, Inc. "damages in the amount of $1.00."

{¶7} The Bilinoviches filed a second appeal, and this Court dismissed the appeal for lack of jurisdiction. In a journal entry dated February 4, 2011, we stated that based upon the Supreme Court of Ohio's decision in *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 18, Civ.R. 41(A)(1) does not allow for a dismissal of a portion of the claims against a certain defendant because it applies to discrete parties, not discrete causes of action. Therefore, because the Bilinoviches voluntarily dismissed only two out of four claims against Mr. Klinck, we concluded that a final judgment did not exist because "the trial court [had] yet to resolve all claims against all parties * * *."

**{¶8}** The trial court responded via judgment entry dated June 3, 2011, as follows:

The court has decided to employ Civ.R. 41(B)(1) to dismiss [the Bilinoviches'] conversion and punitive damage claims against [Mr.] Klinck and Mahoning Valley Timber. Notice is hereby given pursuant to Civ.R. 41(B)(1) that [the Bilinoviches'] conversion and punitive damage claims against [Mr.] Klinck and Mahoning Valley Timber will be dismissed with prejudice on or after June 13, 2011.

**{¶9}** The Bilinoviches filed a third appeal and, again, this Court dismissed the appeal for lack of jurisdiction. In a journal entry dated July 19, 2011, we stated that "[t]he order from which [the Bilinoviches] have attempted to appeal informs them that dismissal is a possibility and states that the claims will be dismissed 'on or after June 13, 2011,' but it does not dismiss the claims." We concluded that the third appeal "must be dismissed for the same reason as the first two attempted appeals: the trial court has yet to resolve all claims against all parties, and the trial court has not certified that there is no just reason for delay in entering judgment under Civ.R. 54(B)."

**{¶10}** The dismissal of their third appeal prompted the Bilinoviches to file a motion for an order resolving all claims wherein they moved the trial court to "explicitly dismiss all remaining claims and certify that there is no just reason for delay, as provided in Civil Rule 54(B)." Then, on August 2, 2011, the trial court entered a judgment entry stating:

Pursuant to the Court's June 3, 2011 Judgment Entry, all remaining claims in this action not previously adjudicated by the Court are hereby dismissed with prejudice. In the event any claim remains pending, the Court hereby certifies that there is no just reason for delay and this Judgment Entry should be immediately appealable pursuant to Civil Rule 54(B).

**{¶11}** The Bilinoviches now appeal from the August 2, 2011 judgment entry, along with the June 29, 2010 judgment entry, and raise three assignments of error for our consideration. In order to better facilitate our discussion, we will address the three assignments of error together.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE [BILINOVICHES'] MOTION FOR SUMMARY JUDGMENT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING [MOTORISTS'] MOTION FOR SUMMARY JUDGMENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE [BILINOVICHES'] MOTION FOR RECONSIDERATION OF THE SUMMARY JUDGMENT DECISION, WHICH MOTION WAS BASED ON AN INTERVENING OHIO SUPREME COURT RULING.

{¶12} This case is beginning to take on an eerie similarity to the movie "Groundhog Day." The case keeps coming up on appeal only to be returned to the trial court on jurisdictional issues. Sadly, such is the case in the current appeal. In their three assignments of error, the Bilinoviches raise issues pertaining to the supplemental action filed against Motorists. They argue that the trial court erred in denying their motions for summary judgment and reconsideration, and in granting Motorists' motion for summary judgment. We agree that the trial court erred in issuing these rulings, however, for a different reason than the Bilinoviches have urged.

{¶13} The Bilinoviches filed their supplemental action prior to obtaining a final judgment against Mr. Klinck. As previously stated, R.C. 3929.06(A)(2) states, in relevant part, that:

> If, within thirty days *after the entry of the final judgment * * *,* the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the *final judgment* a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. * * *

(Emphasis added.)

{¶14} Civ.R. 41(A)(1) provides, in relevant part, that:

[A] plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by doing either of the following: (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; (b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

(Emphasis added.) In *Pattison* at ¶ 20, the Supreme Court of Ohio stated that "Civ.R. 41(A) allows for a dismissal of *all claims against particular defendants*." (Emphasis added.) The Court concluded that "[t]o allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants." *Id*. As such, the Court determined that, pursuant to Civ.R. 41(A), when a plaintiff dismisses fewer than all claims against a particular defendant, there is no final, appealable order. *Id*. at ¶ 10, 22.

{¶15} In the present matter, the Bilinoviches voluntarily dismissed only two of the four claims against Mr. Klinck at the damages hearing: the claims for conversion and punitive damages. Based upon *Pattison*, the Bilinoviches' attempt to dismiss the claims for conversion and punitive damages was a nullity. *Id*. at ¶ 19. Thus, at the time the Bilinoviches filed their supplemental action against Motorists, the claims for conversion and punitive damages remained pending, and no final, appealable order existed. Accordingly, pursuant to R.C. 3929.06, because no final judgment existed as to Mr. Klinck in the original action, the Bilinoviches filed their supplemental action against Motorists prematurely, and the trial court lacked jurisdiction to consider the motions for summary judgment and reconsideration.

{¶16} In *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11-12, the Supreme Court of Ohio outlined different types of "jurisdiction," stating:

"Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." The term encompasses jurisdiction over the subject matter and over the person. Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void."

The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. "'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'"

(Internal citations omitted.)

{¶17} Here, the original action was properly filed in common pleas court, thus conferring subject matter jurisdiction to the trial court. However, as stated above, R.C. 3929.06 mandated a final judgment in the original action against Mr. Klinck, prior to the Bilinoviches filing a supplemental action against Motorists. Because the parties failed to follow the directives set forth in R.C. 3929.06, in that there was no final judgment in the original action, the trial court did not have jurisdiction over the supplemental action, and could not render judgment.

{¶18} The trial court's August 2, 2011 judgment entry is a final, appealable order with regard to the original action. However, the trial court's June 29, 2010 order granting Motorists' motion for summary judgment and denying the Bilinoviches' motion for summary judgment with regard to the supplemental action was rendered in error because at the time it was entered, the court lacked jurisdiction over the case.

III.

{¶19} Accordingly, we reverse the judgment of the Wayne County Court of Common Pleas, and remand for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

DICKINSON, J.
BAIRD, J.
CONCUR.

(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

J. DOUGLAS DRUSHAL and PATRICK E. NOSER, Attorneys at Law, for Appellant.

MERLE D. EVANS, III, Attorney at Law, for Appellee.