[Cite as *Patriot Outdoors, L.L.C. v. Strata Petroleum, Inc.*, 2013-Ohio-2287.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PATRIOT OUTDOORS, LLC, et al., | ) | |
| | ) | CASE NO.    12 MO 9 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| STRATA PETROLEUM, INC., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                   Case No. 2010-372.

JUDGMENT:                          10/02/12 Order Vacated; Appeal
                                   Dismissed; Case Remanded.


APPEARANCES:
For Plaintiffs-Appellants:          Attorney Aletha Carver
                                    Attorney John Maxwell
                                    Attorney Matthew Mullen
                                    Attorney Matthew Onest
                                    Attorney Nathan Vaughn
                                    4775 Munson Street, NW
                                    P.O. Box 36963
                                    Canton, Ohio  44735-6963

For Defendants-Appellees:           Attorney James Wherley
                                    Attorney Randolph Snow
                                    Attorney Robert Preston III
                                    220 Market Avenue, South
                                    Canton, Ohio  44702


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                    Dated: May 28, 2013

PER CURIAM:

**¶{1}** Plaintiff-appellee Patriot Outdoors, LLC, et al. appeals the decision of the Monroe County Common Pleas Court granting summary judgment in favor of defendants-appellants Strata Petroleum, Inc., et al. and denying the request for summary judgment sought by appellee. Those orders were not appealed until after the parties entered a stipulated entry attempting to voluntarily dismiss without prejudice their remaining claims.

**¶{2}** Under Ohio Supreme Court law, the parties' partial voluntary dismissals of particular claims were ineffective. These claims thus remain pending. In accordance, the October 2, 2012 stipulated entry, which is inextricably tied to the attempted voluntary dismissals, is vacated.

**¶{3}** As the stipulated entry purporting to create a final order is vacated, there is no final order remaining for purposes of this appeal. Hence, this appeal is dismissed, and the case is remanded for further proceedings.

<u>STATEMENT OF THE CASE</u>

**¶{4}** In 2007, Wildlife Management Group, LLC purchased 1600 acres in Harrison County. Cheryl Ramsburg is an attorney and was an owner of Wildlife. Some of the acreage was conveyed to J.M. Morels, LLC and Harold and Ruth Smith's Family Retreat, LLC, and the ownership of the oil and gas rights were conveyed to Patriot Outdoors, LLC, all of which are entities Ramsburg owns.

**¶{5}** Prior to the various conveyances, Ramsburg, on behalf of Wildlife, signed an oil and gas lease giving Strata Petroleum, Inc. the right to extract said substances from that land. The continuous development clause of the lease provides that Strata was required to drill one well per year, which would extend the lease rent-free for the years equal to the number of wells drilled. If additional wells are not drilled, the lease provides for a delay rental fee of $5 per acre. The "Surrender of Lease; Cancellation" clause provides pertinently:

> Lessee shall have the right to surrender this lease or any portion
> thereof by giving written notice to Lessor describing the portion which it

elects to surrender, or by returning this Agreement to Lessor with the endorsement of surrender thereof, or by recording the surrender or partial surrender of this Agreement, any of which shall be a full and legal surrender of this Agreement as to all the premises or such portion thereof as the surrender shall indicate and a cancellation of all liabilities under the same of each and all parties hereto relating in any way to the portion or all the premises indicated on said surrender, and the land rental herein before set forth shall be reduced in proportion to the acreage surrendered.

**¶{6}** Strata drilled two wells on the property. Ramsburg on behalf of Patriot and Strata's President, James Massey, spoke of Strata releasing the lease (with the exception of some land around the two wells) before the next well would be due to be drilled in the fall of 2010. A release was drafted by Strata's attorney but was never provided to Ramsburg or recorded. Strata decided not to proceed with the release. Ramsburg participated in discussions on behalf of Patriot with Chesapeake Energy Corporation about selling the oil and gas rights.

**¶{7}** In December of 2010, Patriot Outdoors, LLC and Dave's Leasing (a party not at issue in the substance of this appeal) filed a complaint against Strata Petroleum, Inc., alleging claims for intentional interference with a business relationship, declaratory judgment that Strata's execution and delivery of the release to the recorder was effective to release the land from the lease (except for the 20 acres surrounding the lease), specific performance of the release, breach of contract, slander of title, quiet title, and injunction against entering the land. Some claims revolved around the release, and some claims involved the delay rental payments.

**¶{8}** Strata filed an answer, a counterclaim, and a third-party complaint against Cheryl Ramsburg and the various entities associated with her and the property. Strata asked for their own injunction and for a declaratory judgment that the release is ineffective and the lease is still in effect. One claim alleged fraud in the inducement and fraudulent misrepresentation, claiming Ramsburg induced the oral agreement to file a release by giving her legal opinion that the lease had already

expired. There was also an allegation concerning the myriad property transfers done prior to notifying Strata that the property deed had been recorded so that the leave could be recorded. Strata also raised claims for tortious interference and breach of contract.

¶{9} Amendments to the complaint added Ramsburg and her other entities as plaintiffs, added Massey as a defendant, and added the theories of abandonment of the lease and promissory estoppel. Other parties were involved at various points but are no longer at issue for purposes of the substantive issues in this appeal.

¶{10} On May 31, 2012, competing summary judgment motions were filed. The plaintiffs filed a motion for summary judgment on their complaint, the defendants' counterclaims, and the defendants' third-party complaint. The defendants filed a motion for partial summary judgment arguing in main part that the lease was not released and that Massey was not personally liable.

¶{11} On August 6, 2012, the trial court denied the plaintiffs' motions for summary judgment in various entries (with the exception of Dave's Leasing, who was granted summary judgment). In a separate entry filed that same day, the trial court granted partial summary judgment in favor of the defendants. The court concluded that the lease has specific requirements for a release and that none were satisfied. Because the court found that surrender of the lease did not occur, various claims set forth by the plaintiffs were dismissed. On an issue not appealed, the court held that Strata made a timely initial delay rental payment in 2007. In doing so, the court noted that summary judgment was not sought on the issue of whether the delay rental payment in 2010 complied with the lease. Finally, the court granted summary judgment in favor of Massey, finding that he is not personally liable.

¶{12} The remaining issues were then set for trial. However, on September 18, 2012, the parties signed a stipulated judgment entry claiming to have resolved all pending claims, which the trial court signed and filed on October 2, 2012. In pertinent part, this document provided that the plaintiffs were voluntarily dismissing without prejudice: the count four declaratory judgment claim of all plaintiffs except Dave's Leasing; the count five slander of title claim of Dave's Leasing; the count six breach of contract claim of all plaintiffs; and the count eight injunction claim as to all plaintiffs

except Dave's Leasing. The document also provided that Strata was voluntarily dismissing without prejudice: the count one breach of contract claim set forth in the third-party complaint; the count two tortious interference with contract claim set forth in the counterclaim and in the third-party complaint, and the count three fraud claim set forth in the third-party complaint. Claims against other parties, not at issue, were also dismissed without prejudice.

¶{13} The entry stated there now remained no pending claims and that none of the parties were waiving their rights to appeal any prior order issued by the court. It added that there was no just cause for delay under Civ.R. 54(B), declared that said order of October 2, 2012 shall constitute a final appealable order, and stated that the August 6, 2012 entries are final appealable orders for which there is no just cause for delay. The entry then purported to allow refiling of the claims that were voluntarily dismissed once the appellate courts have ruled.

<u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

¶{14} Pursuant to Civ.R. 41(A)(1), a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by: (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; or (b) filing a stipulation of dismissal signed by all parties who have appeared in the action. The dismissal is without prejudice unless otherwise stated therein, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court. Civ.R. 41(A)(1). The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. Civ.R. 41(C). Notably, a voluntary dismissal is self-executing at the time it is filed and does not require a court's signature. *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17-18. *See also Discover v. Loncar*, 7th Dist. No. 11MA47, 2012-Ohio-4113, ¶ 13 (any entry memorializing the dismissal is not substantive and is not the trigger for an appeal).

¶{15} A dismissal without prejudice leaves the parties as if no action had been brought with respect to the parties dismissed. *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596-597, 716 N.E.2d 184 (1999). A trial court's interlocutory decision granting

summary judgment for one defendant will become final when the plaintiff voluntarily dismisses the remaining parties under Civ.R. 41(A). *Id.* at syllabus. Thus, a voluntary dismissal of one defendant does not nullify the claims against another defendant. *Id.* at 597. However, such dismissal does nullify the claims brought against the defendant named in the voluntary dismissal. *Id.*

¶{16} Based upon the non-syllabus portion of *Denham*, this court has concluded that when a defendant is granted summary judgment on one claim and the plaintiff then voluntarily dismisses the other claim, the summary judgment order is nullified as the dismissal must apply to all claims asserted against that particular defendant. *Latronica v. Western Southern Life, Inc.*, 7th Dist. No. 04MA227, 2005-Ohio-2935, ¶ 19-23 (vacating stipulated entry in refiled case as it was based upon an agreement to make an order final which was not in fact final). *See also Peters v. Tipton*, 7th Dist. No. 07HA3, 2008-Ohio-1524, fn.1 (where the appeal was "previously dismissed by this court on the ground that a plaintiff cannot attempt to dismiss only his remaining claims against a defendant in order to make a partial summary judgment regarding that defendant final as the dismissal necessarily encompasses the entire suit as to that defendant.").

¶{17} The Supreme Court then further strengthened the non-syllabus portions of *Denham* and justified our *Latronica* and *Peters* holdings. In *Pattison v. W.W. Grainger, Inc.*, the complaint set forth a statutory claim for age discrimination and a common law claim of wrongful termination in violation of public policy. The trial court granted summary judgment only on the statutory age discrimination claim. The plaintiff appealed, but the Eighth District dismissed because the public policy claim had not been disposed of by the summary judgment order. As a result, the plaintiff then voluntarily dismissed the public policy claim without prejudice, hoping to make the partial summary judgment appealable. The trial court thereafter filed an entry noting this dismissal, and the plaintiff appealed again. The Eighth District found that the voluntary dismissal created a final order but the appeal was untimely because it was filed within thirty days of the court's entry but not within thirty days of the plaintiff's self-executing voluntary dismissal.

**¶{18}** The Ohio Supreme Court declined to address the timeliness issue because the Supreme Court concluded that the Eighth District incorrectly found that voluntary dismissal without prejudice could be entered on only one claim in order to create a final order. *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 6. The Court cited to *Denham* and pointed out that in order to more completely align the language in that opinion, Civ.R. 41(A)(1) was amended, changing the language from "[a]n action may be dismissed" to the current language that a plaintiff may dismiss "all claims" against a defendant. *Id.* at ¶ 14-16, citing Staff Note to July 1, 2000 amendment of Civ.R. 41(A).

**¶{19}** The rule applies to discrete parties, not discrete causes of action. *Id.* at ¶ 18. Besides citing to the text of the rule, the Court also noted the desire to avoid piecemeal litigation. *Id.* at ¶ 19. The Court then definitely announced that Civ.R. 41(A) does not allow dismissal of a portion of the claims against a certain defendant. *Id.* Thus, when a plaintiff has asserted multiple claims against a defendant, and some of those claims have been ruled upon in an interlocutory order that was not subject to appeal, the plaintiff may not create a final order by voluntarily dismissing the remaining claims against the same defendant. *Id.* at ¶ 1, 10, 22. The Supreme Court reiterated this holding the next year as well. *Dohme v. Extrand Amercia, Inc.*, 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174 (where plaintiff voluntarily dismissed remaining claim in attempt to make summary judgment on other claim final).

CONCLUSION

**¶{20}** Both parties voluntarily dismissed certain claims without prejudice apparently in an attempt to make a final order. However, as can be seen from the above case law, those voluntary dismissals of chosen claims are ineffective. As the voluntary dismissals have been ruled ineffective, those claims voluntarily dismissed without prejudice are revived.

**¶{21}** As such the October 2, 2012 entry based upon such voluntary dismissals must be vacated. This is a stipulated entry, and we cannot pick and choose which portions of the entry to apply. That is, most of the statements in the stipulated entry (with the exception of some clarification regarding claims that were effectively

disposed of by the partial summary judgment) were inextricably tied to the attempted voluntary dismissals of the remaining claims.

¶{22} In fact, in two of the August 6, 2012 orders denying plaintiffs summary judgment, the trial court found the request for summary judgment on Strata's tortious interference claims moot on the grounds that Strata had previously dismissed said claims. This is a reference to Strata's June 14, 2012 filing of notice of voluntary dismissal without prejudice of count one (three distinct allegations of breach of contract) and count two (tortious interference with business relationship/expectancy) from its third-party complaint and count two (containing claims of tortious interference with business relationship/expectancy and tortious interference with contract) from its counterclaim. Because such voluntary dismissals were ineffective, the trial court did not fully rule on the plaintiffs' motions for summary judgment, which are part of the attempted appeal herein. This requires a reconsideration on remand of the portion of those August 6, 2012 entries finding the arguments about Strata's voluntarily dismissed claims moot.

¶{23} As the stipulated entry is vacated, there is no final order existing in this case. This appeal is thus dismissed, and the case is hereby remanded for further proceedings. Costs taxed against appellants.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.