[Cite as *Bobst v. Chem-Tech Consultants, Inc.*, 2012-Ohio-5601.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCOTT BOBST | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 12CA37 |
| CHEM-TECH CONSULTANTS, INC. | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of
Common Pleas, Case No. 2010CV541

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      November 29, 2012

APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

ERIC S. MILLER                          J. JEFFREY HECK
13 Park Avenue West, Suite 608      The Heck Law Offices, LTD.
Mansfield, Ohio 44902                One Marion Avenue, Suite 104
                                    Mansfield, Ohio 44903

For Amicus Curiae Cleveland
Employment Lawyers Association

CHRISTINA M. ROYER
635 West Lakeside Avenue, Suite 605
Cleveland, Ohio 44113

*Hoffman, J.*

{¶1}   Plaintiff-appellant Scott Bobst appeals the April 2, 2012 Judgment Entry entered by the Richland County Court of Common Pleas granting partial summary judgment in favor of Defendant-appellee Chem-Tech Consultants, Inc.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee Chem-Tech Consultants, Inc., the former employer of Appellant, Scott Bobst, filed an action for declaratory judgment asking the court to construe a severance agreement and a non-competition agreement between the parties.

{¶3}   The record indicates several years before Chem–Tech terminated Appellant's employment, the parties entered into a confidential, non-competition agreement. Appellant's complaint alleges Chem–Tech did not pay any consideration for the agreement, except it sold Appellant stock pursuant to a shareholder agreement.

{¶4}   When Appellant was terminated, he signed a severance agreement which contained a number of paragraphs dealing with a covenant not to sue. Paragraph Five of the Severance Agreement states: "In consideration for the promises and payments contained herein, Scott Bobst, on behalf of himself and his successors and assigns in any person or entity whose claim may arise by and/or through him, hereby:

{¶5}   "(A) Releases Premises And Forever Discharges any and all claims, actions, causes of action, demands, damages, judgment, grievance, promises, debts, offsets, liabilities, and recoupments of any nature or kind whatsoever, however arising, whether at law or inequity, direct or indirect, which he now has or hereafter may have or claim to have against Chem–Tech Consultants, Inc.* * * as a result of any and all actions relating to his employment by Chem–Tech Consultants, Inc. or shareholder's

status with Chem–Tech Consultants, Inc., whether known or unknown to him that occurred prior to the date of this agreement, including, but not limited to, any claims arising out of any employment contract, shareholder agreement or other agreement [express or implied], policies, procedures or practices of Chem–Tech Consultants, Inc.* * *

{¶6} "(B) Shall Forever Refrain from bringing any suit, lawsuit, claim, cause of action, grievance, or other legal action of any kind against Chem–Tech Consultants, Inc.* * * arising out of any actions relating to his employment by Chem–Tech Consultants, Inc. or shareholder status with Chem–Tech Consultants, Inc. whether known or unknown to him that occurred prior to the date of this agreement, including, but not limited to any claims arising out of any employment contract, shareholder agreement or other agreement [express or implied], policies, procedures or practices of Employer, state or federal statute* * * or common law* * *."

{¶7} Paragraph 6 of the Severance Agreement is "Unknown Claims" and provides: "Employee/shareholder intends that this agreement is final and complete and therefore shall bar each and every claim, demand and cause of actions classified herein, whether known or unknown to him at the time of execution of this agreement. As a result, employee/shareholder acknowledges that he might later discover pre-existing claims or facts in addition to or different from those which he now knows or believes to exist with respect to the subject matters of this agreement in which, if known or suspected at the time of the executing of this agreement, may have materially affected this settlement. Nevertheless, employee/shareholder hereby waives any right, claim, or cause of action that might arise as result of such different or additional claims or facts."

**{¶8}** Paragraph 16 of the Severance Agreement provides: "This agreement embodies the entire agreement and understanding of the parties with regard to the subject matter contained herein. There are no restrictions, promises, representations, warrantees, covenants, or undertakings other than those expressly set forth or referred to herein."

**{¶9}** Appellant's complaint for declaratory judgment alleged the integration clause cited supra, rendered the prior non-competition, non-disclosure agreement void. Appellant attached the Severance Agreement, the Non-Competition Agreement, and the Shareholder Agreement to his complaint.

**{¶10}** Chem–Tech filed a motion to dismiss pursuant to Civ. R. 12(B)(6), asserting the covenant not to sue barred this action. Via Judgment Entry of August 2, 2010, the trial court agreed, dismissing the complaint.

**{¶11}** On appeal, this Court reversed, holding Civ. R. 12(B)(6) was not the appropriate vehicle to determine the action, remanding the matter to the trial court for further proceedings. *Bobst v. Chem-Tech Consultants, Inc.* 5th Dist. No. 2010-CA-0104, 2010-Ohio-574.

**{¶12}** On remand, Appellee filed an answer to Appellant's complaint and a counterclaim asserting three causes of action. The first cause of action asserted Appellant's filing of the action breached the Severance Agreement. The second cause of action stated a claim for breach of contract and confidentiality due to Appellant's disclosure and attachment of the specific agreements. The third cause of action stated a claim for breach of fiduciary duty and Appellant's obligation of good faith and fair dealing with Chem-Tech.

{¶13} On motion of Appellant, the trial court bifurcated the trial to the court on Appellant's declaratory judgment complaint from the remaining issues raised in Appellee's counterclaim pending before the trial court which were scheduled for jury trial at a later date.

{¶14} Appellant's declaratory judgment action came on for trial to the court on March 3, 2011, and at the close of Appellant's case, Appellee moved to dismiss the complaint under Rule 41(B)(2). The trial court granted the motion, dismissing the complaint with prejudice via judgment entry of March 11, 2011.

{¶15} On April 7, 2011, Appellant filed a notice of appeal to this Court. This Court dismissed the appeal, finding the March 11, 2011 Judgment Entry was not a final appealable order. *Bobst v. Chem-Tech Consultants, Inc.* 5th Dist. No. 11CA35, 2011-Ohio-4618.

{¶16} On December 23, 2011, Appellee filed a motion for partial summary judgment. On January 3, 2012, Appellant filed a motion for summary judgment on all claims set forth in Appellee's counterclaim.

{¶17} On February 27, 2012, Appellant filed a voluntary dismissal of his complaint for declaratory judgment without prejudice.

{¶18} Via Judgment Entry of April 2, 2012, the trial court granted Appellee partial summary judgment, and denied Appellant's motion for summary judgment on the causes of action asserted in Appellee's counterclaim. The trial court granted Appellee summary judgment on the first cause of action of its counterclaim finding Appellant breached the Severance Agreement by filing the complaint itself. The court found Appellee entitled to recover damages, being the attorney fees and expenses in the

amount of $16,000.00. On the second cause of action, the trial court determined Appellant's attachment of the entire severance agreement to his complaint at the time of filing amounted to a breach of his obligations under Section 9 of the Severance Agreement as a matter of law, resulting in Appellee no longer owing Appellant his buy-out under the Shareholder Agreement.

{¶19} The trial court's April 2, 2012 Judgment Entry determined the only remaining claim was the third cause of action of the counterclaim for breach of fiduciary duty. The trial court ordered the claim to proceed as scheduled.

{¶20} On April 10, 2012, Appellee filed a notice of voluntary dismissal of remainder of counterclaim. The notice indicates Appellee "dismisses its only remaining undecided claim, the Third Cause of Action of its Counterclaim, without prejudice to future action. This dismissal is otherwise than upon the merits."

{¶21} On May 2, 2012, Appellant filed a notice of appeal from the April 2, 2012 Judgment Entry to this Court, assigning as error:

{¶22} "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CHEM-TECH ON COUNT I OF ITS COUNTERCLAIM BECAUSE SCOTT BOBST NEVER RELEASED CLAIMS THAT ACCRUED AND AROSE AFTER HE SIGNED A SEVERANCE AGREEMENT WITH CHEM-TECH ON FEBRUARY 17, 2010. BECAUSE BOBST DID NOT FILE HIS DECLARATORY JUDGMENT ACTION UNTIL APRIL 29, 2010, AFTER A JUSTIFIABLE CONTROVERSY AROSE BETWEEN THE PARTIES RELATING TO A LIVE NON-COMPETITION AGREEMENT, BOBST COULD NOT, AS A MATTER OF LAW, HAVE BREACHED THE SEVERANCE AGREEMENT BY FILING SUIT.

{¶23} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO CHEM-TECH ON COUNT 2 OF ITS COUNTERCLAIM, BECAUSE ATTACHING A REDACTED COPY OF A SEVERANCE AGREEMENT TO A LAWFUL DECLARATORY JUDGMENT COMPLAINT WAS NOT A BREACH OF THE SEVERANCE AGREEMENT THAT WAS NOT SO MATERIAL AS TO WARRANT AN AWARD OF ATTORNEY FEES AND A FORFEITURE OF A $59,000 PAYMENT OWED TO BOBST FOR THE RE-PURCHASE HIS SHARES IN THE COMPANY; CHEM-TECH WAS NOT DAMAGED BY ANY ALLEGED 'BREACH' AND THE FACT THAT THE COMPANY ITSELF FILED THE ENTIRE AGREEMENT IN A PUBLIC FILING DEMONSTRATES THAT THERE WAS NO MATERIAL BREACH BY BOBST.

{¶24} "III. EVEN ASSUMING, ARGUENDO, THAT BOBST BREACHED THE SEVERANCE AGREEMENT UNDER EITHER COUNT 1 OR COUNT 2 OF CHEM-TECH'S COUNTERCLAIM, THE TRIAL COURT ERRED IN AWARDING CHEM-TECH ATTORNEYS FEES BECAUSE: (a) THE SEVERANCE AGREEMENT DOES NOT EXPRESSLY PROVIDE FOR ANY AWARD OF ATTORNEY FEES IN THE EVENT OF BREACH; AND (b) IT AWARDED A MONETARY JUDGMENT BASED ONLY ON CONCLUSORY AFFIDAVITS OVER BOBST'S OBJECTION.

{¶25} "IV. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE COUNTERCLAIMS WITH PREJUDICE BECAUSE THE BOBST CLAIM WAS A RIPE CLAIM FOR DECLARATORY JUDGMENT THAT HAD NOT BEEN RELEASED.

{¶26} "V. THE COURT BELOW ERRED IN HOLDING THAT 'BENEFITS' SUBJECT TO FORFEITURE UNDER § 9 OF THE SEVERANCE AGREEMENT INCLUDES MONEY OWED TO A SHAREHOLDER UNDER § 3 OF THE AGREEMENT

FOR THE REASON THAT § 2 ESSENTIALLY LIMITED THE TERM 'BENEFITS' TO PAYMENT FOR SERVICES RENDERED AS AN EMPLOYEE AND NOT MONEY OWED FOR THE REPURCHASE OF SHARES OF STOCK."

**{¶27}** Initially, we must address whether the April 2, 2012 Judgment Entry is a final appealable order following Appellee's voluntary dismissal of the third cause of action of its counterclaim.

**{¶28}** Rule 41(A) reads,

**{¶29}** "(A) Voluntary dismissal: effect thereof

**{¶30}** "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss *all claims asserted* by that plaintiff against a defendant by doing either of the following:

**{¶31}** "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

**{¶32}** "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

**{¶33}** "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."

**{¶34}** (Emphasis added.)

{¶35} As set forth in the statement of the facts and case above, Appellee dismissed the third cause of action of the counterclaim for breach of fiduciary duty on April 10, 2012 via voluntary dismissal, without prejudice, pursuant to Rule 41(A).

{¶36} In *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, the Ohio Supreme Court held,

{¶37} "When a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant."

{¶38} The *Pattison* Court reasoned,

{¶39} "Civ.R. 41(A) allows for a dismissal of all claims against particular defendants. The lower court's position regarding judicial economy and the need to streamline cases suffers in that, were Civ.R. 41(A) to be used to dismiss fewer than all of the claims against a certain defendant, a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later. To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants. In cases in which all claims against a party are dismissed without prejudice, there still is the risk of the action being refiled, but the amount of potential litigation that a defendant is subjected to is the same. When an individual claim against a defendant is dismissed without prejudice, however, the defendant is forced to go through the appeal process and may perhaps still be subjected to the dismissed claim upon refiling. The defendant in that situation is vulnerable to an increased overall burden due to the Civ.R. 41 dismissal."

**{¶40}** See also, *Groen v. Children's Hopsital Medical Center*, First Dist. No. C-100835, 2012-Ohio-2815.

**{¶41}** As the trial court had bifurcated the proceedings herein, Appellee effectively stood as the plaintiff asserting its causes of action alleged in its counterclaim against Appellant. Following the trial court's granting of summary judgment in favor of Appellee on two of the claims set forth in Appellee's counterclaim, the third cause of action for breach of fiduciary duty remained. Appellee dismissed the remaining claim without prejudice and otherwise than on the merits pursuant to Civil Rule 41(A). However, the rule, as set forth above, clearly provides Appellee must dismiss all claims asserted in the counterclaim, which Appellee did not. Pursuant to the Ohio Supreme Court holding in *Pattison*, supra, Appellee could not create a final order as to the two claims for breach of contract and breach of confidentiality by voluntarily dismissing the breach of fiduciary claim without prejudice.

**{¶42}** Accordingly, we find the April 2, 2012 Judgment Entry is not a final appealable order, and the within appeal is hereby dismissed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin
HON. W. SCOTT GWIN

s/ Julie A. Edwards
JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SCOTT BOBST                                    :
                                               :
    Plaintiff-Appellant                   :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
CHEM-TECH CONSULTANTS, INC.                    :
                                               :
    Defendant-Appellee                    :          Case No. 12CA37


For the reason stated in our accompanying Opinion, this appeal is dismissed.

Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS