[Cite as *Bobst v. Chem-Tech Consultants, Inc.*, 2014-Ohio-3457.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| SCOTT BOBST | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CHEM-TECH CONSULTANTS, INC. | : | Case No. 13CA15 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                               Pleas, Case No. 2010 CV 541


JUDGMENT:                      Affirmed/Reversed in Part and
                               Remanded


DATE OF JUDGMENT:              August 7, 2014


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

ERIC S. MILLER                         J. JEFFREY HECK
13 Park Avenue West                    One Marion Avenue
Suite 608                              Suite 104
Mansfield, OH  44902                   Marion, OH  44903

*Farmer, P.J.*

{¶1} Appellant, Scott Bobst, was an employee for appellee, Chem-Tech Consultants, Inc. Appellant's employment terminated on February 15, 2010. Upon termination, appellant signed a severance agreement which contained a covenant not to sue.

{¶2} On April 29, 2010, appellant filed a declaratory judgment action, asking the trial court to construe the severance agreement and a non-competition agreement between the parties.

{¶3} On June 1, 2010, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), asserting the covenant not to sue barred the action. By judgment entry filed August 2, 2010, the trial court agreed and dismissed the complaint. On appeal, this court reversed, holding Civ.R. 12(B)(6) was not the appropriate vehicle to determine the action. *Bobst v. Chem-Tech Consultants, Inc.,* 5th Dist. Richland No. 2010-CA-0104, 2010-Ohio-574.

{¶4} On remand, appellee filed an answer to appellant's complaint and a counterclaim asserting three causes of action: breach of the severance agreement by filing the action, breach of contract and confidentiality due to appellant's disclosure of specific agreements between the parties, and breach of fiduciary duty and appellant's obligation of good faith and fair dealing with appellee.

{¶5} On January 19, 2011, the trial court bifurcated the declaratory judgment action from the issues raised in the counterclaim. A bench trial on the declaratory judgment action was held on March 3, 2011. At the close of appellant's case, appellee moved to dismiss the complaint under Civ.R. 41(B)(2). By judgment entry filed March

11, 2011, the trial court granted the motion and dismissed the complaint with prejudice. On appeal, this court dismissed the appeal, finding the March 11, 2011 judgment entry was not a final appealable order due to the pending counterclaim. *Bobst v. Chem-Tech Consultants, Inc.,* 5th Dist. Richland No. 11CA35, 2011-Ohio-4618.

{¶6} On remand, appellee filed a motion for partial summary judgment on December 23, 2011. Appellant filed a motion for summary judgment on all claims set forth in appellee's counterclaim on January 3, 2012.

{¶7} On February 27, 2012, appellant filed a voluntary dismissal of his declaratory judgment action without prejudice.

{¶8} On April 2, 2012, the trial court granted appellee summary judgment on the first and second causes of action of its counterclaim, finding appellant breached the severance agreement by filing the action itself, and breached paragraph 9 of the agreement by attaching the agreement to his declaratory judgment complaint. The trial court awarded appellee damages in the amount of $16,000.00 for attorney fees and expenses, and appellee no longer owed appellant any payments due him under the shareholder agreement. The trial court determined the only remaining claim was the third cause of action for breach of fiduciary duty. On April 10, 2012, appellee voluntarily dismissed this claim without prejudice.

{¶9} On appeal, this court reversed, finding the April 2, 2012 judgment entry was not a final appealable order due to appellee voluntarily dismissing the third cause of action of the counterclaim without prejudice and otherwise than on the merits. *Bobst v. Chem-Tech Consultants, Inc.,* 5th Dist. Richland No. 12CA37, 2012-Ohio-5601.

{¶10} On remand, the trial court filed a nunc pro tunc judgment entry adding Civ.R. 54(B) language on February 4, 2013. The parties also filed a stipulation dismissing the third cause of action of the counterclaim with prejudice on January 30, 2013.

{¶11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶12} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO CHEM-TECH ON COUNT 1 OF ITS COUNTERCLAIM BECAUSE SCOTT BOBST NEVER RELEASED CLAIMS THAT ACCRUED AND AROSE AFTER HE SIGNED A SEVERANCE AGREEMENT WITH CHEM-TECH ON FEBRUARY 17, 2010. BECAUSE BOBST DID NOT FILE HIS DECLARATORY JUDGMENT ACTION UNTIL APRIL 29, 2010, AFTER A JUSTICIABLE CONTROVERSY AROSE BETWEEN THE PARTIES RELATING TO A LIVE NON-COMPETITION AGREEMENT, BOBST COULD NOT, AS A MATTER OF LAW, HAVE BREACHED THE SEVERANCE AGREEMENT BY FILING SUIT."

II

{¶13} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO CHEM-TECH ON COUNT 2 OF ITS COUNTERCLAIM, BECAUSE ATTACHING A REDACTED COPY OF A SEVERANCE AGREEMENT TO A LAWFUL DECLARATORY JUDGMENT COMPLAINT WAS NOT A BREACH OF THE SEVERANCE AGREEMENT THAT WAS SO MATERIAL AS TO WARRANT AN AWARD OF ATTORNEY FEES AND A FORFEITURE OF A $59,000 PAYMENT

OWED TO BOBST FOR THE RE-PURCHASE [OF] HIS SHARES IN THE COMPANY; CHEM-TECH WAS NOT DAMAGED BY ANY ALLEGED "BREACH" AND THE FACT THAT THE COMPANY ITSELF FILED THE ENTIRE AGREEMENT IN A PUBLIC FILING DEMONSTRATES THAT THERE WAS NO MATERIAL BREACH BY BOBST."

III

{¶14} "EVEN ASSUMING, *ARGUENDO*, THAT BOBST BREACHED THE SEVERANCE AGREEMENT UNDER EITHER COUNT 1 OR COUNT 2 OF CHEM-TECH'S COUNTERCLAIM, THE TRIAL COURT ERRED IN AWARDING CHEM-TECH ATTORNEY'S FEES BECAUSE: (A) THE SEVERANCE AGREEMENT DOES NOT EXPRESSLY PROVIDE FOR ANY AWARD OF ATTORNEY FEES IN THE EVENT OF BREACH; AND (B) IT AWARDED A MONETARY JUDGMENT BASED ONLY ON CONCLUSORY AFFIDAVITS OVER BOBST'S OBJECTION."

IV

{¶15} "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE COUNTERCLAIMS WITH PREJUDICE BECAUSE THE BOBST CLAIM WAS A RIPE CLAIM FOR DECLARATORY JUDGMENT THAT HAD NOT BEEN RELEASED."

V

{¶16} "THE COURT BELOW ERRED IN HOLDING THAT "BENEFITS" SUBJECT TO FORFEITURE UNDER § 9 OF THE SEVERANCE AGREEMENT INCLUDES MONEY OWED TO A SHAREHOLDER UNDER § 3 OF THE AGREEMENT FOR THE REASON THAT § 2 ESSENTIALLY LIMITED THE TERM "BENEFITS" TO PAYMENT FOR SERVICES RENDERED AS AN EMPLOYEE AND NOT MONEY OWED FOR THE REPURCHASE OF SHARES OF STOCK."

{¶17} Appellant's assignments of error challenge the trial court's granting of summary judgment to appellee.

{¶18} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

I

{¶20} Appellant claims the trial court erred in granting summary judgment to appellee on the first cause of action of the counterclaim.  We agree.

{¶21} The first cause of action sought recovery of amounts expended and for other unspecified damages including attorney's fees due to appellant filing the declaratory judgment action in violation of paragraphs 5, 6, and 12 of the Severance Agreement and General Release of Claims executed by the parties on February 17, 2010.

{¶22} In his declaratory judgment action filed April 29, 2010, appellant sought a declaration that the severance agreement superseded or merged a previously signed Confidentiality and Non-Competition Agreement and a Shareholder Agreement, both effective January 1, 2003.  The declaratory judgment complaint specifically requested the following in pertinent part:

WHEREFORE Plaintiff asks the Court for a Declaratory Judgment as follows:

1. That a complete copy of the Severance Agreement (Exhibit A) can be filed herein without violation of the Agreement itself.

2. That the Severance Agreement (Exhibit A) has eliminated Exhibits B and C as binding agreements

3. That Plaintiff is free to engage in his field of employment provided Plaintiff does not violate the express written terms of the Severance Agreement (Exhibit A).

4. Alternatively, Plaintiff asks the Court for a determination that residential environmental and safety services are not prohibited by the Non-Compete Agreement (Exhibit B) and that Plaintiff may work for business clients except those with whom Chem-Tech had provided environmental or safety engineering services during Plaintiff's employment.

{¶23} Paragraphs 5, 6, and 12 of the severance agreement, attached to appellant's declaratory judgment complaint as Exhibit A, states the following:

**5. <u>Release and Covenant Not to Sue by Scott Bobst</u>.**

In consideration for the promises and payments contained herein, Scott Bobst, on behalf of himself and his successors and assigns and any person or entity whose claim may arise by and/or through him, hereby:

A. RELEASES, REMISES, and FOREVER DISCHARGES any and all claims, actions, causes of action, demands, damages, judgments, grievances, promises, debts, offsets, liabilities, and recoupments of any nature or kind whatsoever, however arising, whether at law or in equity, direct or indirect, which he now has or hereafter may have or claim to have against Chem-Tech Consultants, Inc., and any of its officers, members, shareholders, employees, insurers, attorneys, agents, heirs, predecessors, successors, and assigns as a result of any and all actions relating to his employment by Chem-Tech Consultants, Inc. or shareholder

status with Chem-Tech Consultants, Inc., whether known or unknown to him that occurred prior to the date of this Agreement, including, but not limited to, any claims arising out of any employment contract, Shareholder Agreement or other agreement (express or implied), policies, procedures or practices of Chem-Tech Consultants, Inc., state or federal statute (including all state and federal employment discrimination laws, including, but not limited to, Ohio Revised Code Section 4101.17, Ohio Revised Code Sections 4112.01 et seq., the federal Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964), local ordinances or common law;

B. SHALL FOREVER REFRAIN from bringing and suit, lawsuit, claim, cause of action, grievance, or other legal action of any kind against Chem-Tech Consultants, Inc. and any of its officers, employees, insurers, attorneys, agents, heirs, predecessors, successors, and assigns arising out of any actions relating to his employment by Chem-Tech Consultants, Inc. or shareholder status with Chem-Tech Consultants, Inc., whether known or unknown to him that occurred prior to the date of this Agreement, including, but not limited to, any claims arising out of any employment contract, Shareholder Agreement or other agreement (express or implied), policies, procedures or practices of the Employer, state or federal statute (including all state and federal employment discrimination laws, including, but not limited to, Ohio Revised Code Section 4101.17, Ohio Employment Act, and Title VII of the Civil Rights

Act of 1964), local ordinances or common law; *provided however,* that nothing in this provision shall preclude any claim that hereafter may arise by virtue of a breach of an undertaking or promise set forth in this Agreement or actions that occurred after the date of this Agreement. Also excluded from this Severance Agreement and General Release are claims which, by law, cannot be waived, including the right to file a charge; Employee/Shareholder is waiving, however, his right to any monetary recovery (including any obligation for any costs, expenses and attorneys' fees) should he or any agency pursue any such claims.

**6. Unknown Claims.**

Employee/Shareholder intends that this Agreement is final and complete and therefore shall bar each and every claim, demand and cause of action specified herein, whether known or unknown to him at the time of execution of this Agreement. As a result, Employee/Shareholder acknowledges that he might later discover pre-existing claims or facts in addition to or different from those which he now knows or believes to exist with respect to the subject matters of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nevertheless, Employee/Shareholder hereby waives any right, claim, or cause of action that might arise as a result of such different or additional claims or facts.

**12. Breach of Severance Agreement.**

In the event Employee/Shareholder breaches any of the rights and obligations under this Agreement or as otherwise imposed by law, Employer shall be entitled to recover the benefits paid to Employee/Shareholder under this Agreement and to obtain any and all other relief provided by law or equity.

{¶24} In its nunc pro tunc judgment entry filed February 4, 2013, the trial court found the following:

Under this Court's ruling in the Judgment Entry of March 11, 2011, defendant is now entitled to summary judgment on the First Cause of Action of its Counterclaim. As this Court has already ruled, plaintiff's filing of his Complaint in this case was, itself, a breach of the Severance Agreement. This Court has already twice considered and rejected plaintiff's arguments on this issue.

{¶25} In its March 11, 2011 judgment entry dismissing the declaratory judgment action with prejudice, the trial court found the following:

Initially, the Court finds that Exhibit F, the Severance Agreement, was intended by the parties to be, and, in fact, is an enforceable and binding agreement between the parties. Indeed, this has been stipulated by the parties to this action and supported by the evidence. The Court

has now also reviewed and construed that Severance Agreement and, having done so, finds that, under its clear terms, Plaintiff had no right to bring this action, that it was improvidently brought and that the Complaint was filed in contravention and violation of the terms of the Severance Agreement.  The very terms of the Severance Agreement and Release, Exhibit F, itself preclude Plaintiff from bringing this action at all.  For these reasons and upon the facts and the law, Plaintiff has shown no right to relief and the Court finds dismissal of the Complaint appropriate under Rule 4(B)(2).

{¶26} Of particular importance is the language in paragraph 5(A) and (B), respectively: "as a result of any and all actions relating to his employment with Chem-Tech Consultants, Inc. or shareholder status***whether known or unknown to him that occurred prior to the date of this Agreement" and "nothing in this provision shall preclude any claim that hereafter may arise by virtue of a breach of this undertaking or promise set forth in the Agreement or actions that occurred after the date of this Agreement."

{¶27}  R.C. Chapter 2721 governs declaratory judgments.  R.C. 2721.03 pertains to construction and validity of instrument and states the following:

Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal

relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶28} R.C. 2721.04 pertains to contract and states: "Subject to division (B) of section 2721.02 of the Revised Code, a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract."

{¶29} Appellant's declaratory judgment action asked if the 2003 agreements were still in effect given the following integration clause in the severance agreement:

**16. <u>Entire Agreement</u>.**

This Agreement embodies the entire agreement and understanding of the Parties with regard to the subject matter contained herein. There are no restrictions, promises, representations, warranties, covenants, or undertakings other than those expressly set forth or referred to herein.

{¶30} We find the complaint raises a justiciable issue that requires an interpretation of the severance agreement as to the validity of the 2003 agreements. Further, the severance agreement acknowledged the right of the parties to sue for a breach of that agreement. The declaratory judgment statute specifically allows for

anticipatory breaches of contract calling upon the equity powers of the trial court to resolve an anticipatory breach.

{¶31} Upon review, we conclude the trial court erred in granting summary judgment to appellee on its first cause of action of the counterclaim and awarding appellee $16,000.00.  The first cause of action of the counterclaim is hereby dismissed.

{¶32}  Assignment of Error I is granted.

II

{¶33}  Appellant claims the trial court erred in granting summary judgment to appellee on the second cause of action of the counterclaim as attaching the parties' agreements to the declaratory judgment action was not a breach of the confidentially and non-disclosure covenant of the agreement.  We agree in part.

{¶34}  Paragraph 9 of the severance agreement states the following:


**9. <u>Confidentiality and Nondisparagement</u>.**

The parties agree that they and their respective officers, employees, agents, heirs, successors, assigns, and attorneys shall keep the fact of and the terms of this Agreement confidential except to the extent any party makes disclosures to his or its accountants, attorneys, or spouse (and, in the case of Employer, its employees or agents on a need-to-know basis only), and whom the parties agree to also instruct to keep such confidential, and to the extent that any party is compelled to make disclosures to any federal, state, or other regulatory agency, or to the extent otherwise required by law.  Each party also specifically agrees to

refrain from making any negative or critical remarks about the other party to any third parties.

Employee/Shareholder specifically agrees and acknowledges that this provision is a significant part of the consideration for Employer to enter in to this Agreement and that without Employee/Shareholder's agreement to this provision, Employer would not be willing to enter in to this Agreement.   Therefore, Employee/Shareholder's breach of this provision shall result in the immediate forfeiture and cessation of any and all further benefits payable hereunder to Employee/Shareholder by Employer.

{¶35} Appellee argues "the fact of and the terms of" the severance agreement preclude the attachment of the agreement to the declaratory judgment complaint. Appellee's Brief at 30.

{¶36} Civ.R. 10(D)(1) states: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading.  If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

{¶37} At the bottom of the first page of the severance agreement attached to the declaratory judgment complaint is a handwritten note that states, "$ amounts and Exhibit 1 redacted." Exhibit 1 was the Shareholder Agreement which was also attached to the declaratory judgment complaint, but the financial terms attached thereto were redacted.  Except for some nonspecific references under paragraph 2,  "Salary and

Benefits," and the specific dollar amount redacted under paragraph 3, "Shareholder Buy-Out," the agreement is generally generic. We note appellee also published the severance agreement and the shareholder agreement with its motion for partial summary judgment filed December 23, 2011, and *included* the redacted financial terms attached to the shareholder agreement.

{¶38} In its nunc pro tunc judgment entry filed February 4, 2013, the trial court found the filing of the severance agreement (without noting the redactions) was a violation of the agreement. As a result, the trial court forfeited any payments due appellant after April 29, 2010, the date of the filing of the complaint. Although the trial court was correct in finding the filing was a technical violation of the agreement, no evidence was presented as to the damages resulting from the technical breach. Therefore, under a summary judgment standard, there remains a genuine issue of material fact as to what damages, if any, resulted from the breach of the confidentiality provision in the severance agreement.

{¶39} Apart from the technical breach, this assignment of error poses the issue of whether trial courts in Ohio will bar the prosecution of legitimate claims. In other words, can the mandates of Civ.R. 10(D)(1) be supplanted by a boilerplate confidentiality provision? We note the severance agreement in fact acknowledges the right to pursue its enforcement in paragraphs 5 and 6. One can only theorize how such enforcement can be effectuated without attaching the agreement to a complaint.

{¶40} Appellee's own cavalier attachment of the agreements to its motion for partial summary judgment points to the fact that the agreements are an initial, relevant, and necessary part of the litigation. How else is the Ohio Constitution, Article I, Section

16 to be fulfilled? The counter-argument is that the agreements could have been placed under seal with the complaint in order to comply.

{¶41} As we noted, the severance agreement absent the redactions is very boilerplate, and one can only theorize as to what damages could have resulted from its publication.

{¶42} Assignment of Error II is granted in part.

III, IV, V

{¶43} Based upon our decision in Assignments of Error I and II, these assignments are moot.

{¶44} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 723