[Cite as *Buds, Inc. vs. C & C Concrete*, 2014-Ohio-3898.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BUDS, INC. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| C&C CONCRETE, ET AL. | : | Case No. CT2014-0014 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. CE2008-0943



JUDGMENT:                     Dismissed



DATE OF JUDGMENT:             September 5, 2014



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant
Neff Paving & Concrete                Aaron's, Inc.

PETER N. CULTICE                      JOHN B. KOPF
58 North Fifth Street                 DANIEL F. EDWARDS
Zanesville, OH  43701                 41 South High Street
                                      Suite 1700
                                      Columbus, OH  43215

*Farmer, J.*

{¶1}    L.F. Wolf Contracting, Inc. was the general contractor on a construction project for appellant, Aaron's, Inc.  Wolf subcontracted with C&C Concrete and C&C Concrete sub-subcontracted with appellee, Neff Paving and Concrete, to perform paving work.  C&C Concrete also sub-subcontracted with BUDS, Inc. to perform drilling work.  Appellant paid Wolf all of the monies due and owing for the project.

{¶2}    On November 20, 2008, BUDS filed a complaint against C&C Concrete, appellant, and Wolf, claiming non-payment of services rendered, unjust enrichment, and quantum meruit.  BUDS filed a mechanic's lien.

{¶3}    On December 15, 2008, Wolf filed an answer and cross-claim against C&C Concrete for breach of contract and indemnification.

{¶4}    On January 21, 2009, BUDS filed an amended complaint to add additional defendants, McClelland, Inc., Newcomer Concrete Services, Inc. and appellee.

{¶5}    On February 17, 2009, appellant filed an answer to the complaint.

{¶6}    On February 18, 2009, McClelland filed an answer to the complaint and cross-claims against C&C Concrete, Wolf, and appellant.  McClelland filed a mechanic's lien.

{¶7}    On February 19, 2009, appellee filed an answer to the complaint. Appellee also filed a counterclaim against BUDS and a cross-claim against C&C Concrete for non-payment of services rendered, unjust enrichment and quantum meruit, and cross-claims against appellant and Wolf for unjust enrichment and quantum meruit. Appellee also included McClelland and Newcomer in its cross-claim.  Appellee filed a mechanic's lien.  Appellee also filed a third-party complaint against Christina Switzer in

her individual and personal capacity for signing the proposal contract between appellant and appellee.

{¶8} On April 13, 2009, appellant filed a cross-claim against Wolf for indemnification.

{¶9} On April 21, 2009, Wolf filed an amended cross-claim to add Ryan and Christina Switzer, who do business as C&C Concrete, for breach of contract, fraud, indemnification, and contribution.

{¶10} On January 26 and 29, 2010, respectively, Wolf and appellant filed motions for summary judgment on appellee's mechanic's lien.

{¶11} On January 29, 2010, appellee filed a motion for summary judgment on its mechanic's lien and unjust enrichment cross-claims against Wolf and appellant.

{¶12} On March 25, 2010, McClelland voluntarily dismissed its cross-claims against C&C Concrete, Wolf, and appellant with prejudice.

{¶13} On April 5, 2010, BUDS voluntarily dismissed its complaint without prejudice.

{¶14} On May 18, 2010, appellant voluntarily dismissed its cross-claims against Wolf with prejudice.

{¶15} On November 24, 2010, appellant posted a bond as substitute security for appellee's mechanic's lien. Appellee consented to the bond.

{¶16} By decision filed November 4, 2011, the trial court granted appellee's motion for summary judgment on its unjust enrichment cross-claim against appellant, but not Wolf. By order filed November 10 2011, the trial court directed the payment of

the bond to appellee. The trial court filed a second order on November 15, 2011 to correct the rate of interest.

{¶17} On November 30, 2011, appellant filed a motion for reconsideration.

{¶18} On January 15, 2013, appellee voluntarily dismissed its third-party complaint against Christina Switzer without prejudice, as well as its cross-claims against C&C Concrete for nonpayment of services rendered, its cross-claims against C&C Concrete, Wolf, and appellant for quantum meruit, and any cross-claims against BUDS, McClelland, and Newcomer, all without prejudice. Left intact were appellee's cross-claims regarding the mechanic's lien (Count Two) and unjust enrichment against C&C Concrete, Wolf, and appellant (Count Three).

{¶19} By journal entry filed October 16, 2013, the trial court denied appellant's motion for reconsideration.

{¶20} By journal entry and order filed January 22, 2014, the trial court dismissed Wolf's cross-claims against C&C Concrete and Mr. and Mrs. Switzer with prejudice. Considering its November 4, 2011 decision granting appellee's motion for summary judgment on its unjust enrichment cross-claim against appellant and its October 16, 2013 denial of appellant's motion for reconsideration, the trial court determined all the claims were resolved, and entered judgment for appellee as against appellant in the amount of $44,272.00 plus interest, and ordered the payment of the bond to appellee. The trial court included Civ.R. 54(B) language, "no just reason for delay."

{¶21} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶22} "THE MUSKINGUM COUNTY COURT OF COMMON PLEAS (THE "TRIAL COURT") ERRED BY ENTERING SUMMARY JUDGMENT FOR NEFF PAVING AND CONCRETE ("NEFF") ON ITS UNJUST ENRICHMENT CLAIM AGAINST AARON'S, INC. (FKA AARON RENTS, INC.) ("AARON'S")."

II

{¶23} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING AARON'S MOTION FOR RECONSIDERATION OF THE TRIAL COURT'S PRIOR INTERLOCUTORY DECISION GRANTING SUMMARY JUDGMENT FOR NEFF ON NEFF'S UNJUST ENRICHMENT CLAIM AGAINST AARON'S."

III

{¶24} "THE TRIAL COURT ERRED BY ORDERING A NON-PARTY SURETY THAT POSTED A MECHANICS' LIEN BOND, AS WELL AS THE SURETY'S ATTORNEY-IN FACT, TO PAY NEFF TO SATISFY THE UNJUST ENRICHMENT JUDGMENT AGAINST AARON'S."

{¶25} Before addressing the assignments as presented, we must determine if there is a final appealable order pursuant to R.C. 2505.02.

{¶26} Civ.R. 41 governs dismissal of actions and states the following in pertinent part:

**Voluntary dismissal: effect thereof**

*(1) By plaintiff; by stipulation.* Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may

dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

*(2) By order of court.* Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

**(B) Involuntary dismissal: effect thereof**

*(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

\*\*\*

*(3) Adjudication on the merits; exception.* A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

**(C) Dismissal of counterclaim, cross-claim, or third-party claim**

The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to division (A)(1) of this rule shall be made before the commencement of trial.

{¶27} In *Bobst v. Chem-Tech Consultants, Inc.,* 5th Dist. Richland No. 12CA37, 2012-Ohio-5601, ¶ 37-39, this court held a voluntary dismissal without prejudice pursuant to Civ.R. 41(A) does not convert a summary judgment entry into a final appealable order, quoting *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 1:

"[We hold today that] [w]hen a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon

but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant."

The *Pattison* Court reasoned [at ¶ 20],

"Civ.R. 41(A) allows for a dismissal of all claims against particular defendants. The lower court's position regarding judicial economy and the need to streamline cases suffers in that, were Civ.R. 41(A) to be used to dismiss fewer than all of the claims against a certain defendant, a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later. To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants. In cases in which all claims against a party are dismissed without prejudice, there still is the risk of the action being refiled, but the amount of potential litigation that a defendant is subjected to is the same. When an individual claim against a defendant is dismissed without prejudice, however, the defendant is forced to go through the appeal process and may perhaps still be subjected to the dismissed claim upon refiling. The defendant in that situation is vulnerable to an increased overall burden due to the Civ.R. 41 dismissal."

{¶28} Numerous dismissals were filed in this case. Three dismissals were filed with prejudice: 1) a March 25, 2010 Civ.R. 41(A)(1) dismissal by McClelland of its February 18, 2009 cross-claim against C&C Concrete, Wolf, and appellant, 2) a May 18,

2010 Civ.R. 41(A)(1)(a) dismissal by appellant of its cross-claim against Wolfe for indemnification, and 3) the following Civ.R. 41(B)(1) and (3) dismissal by the trial court on January 22, 2014:

At the April 8th pretrial, Aaron's, Inc., Neff Paving & Concrete and the Court agreed that the only remaining unresolved issues were L.F. [Wolf] Contracting's cross-claims against C&C Concrete and Excavating and its amended cross-claim against Mr. & Mrs. Switzer. By Journal Entry dated April 12, 2013, the Trial Court ordered L.F. Wolf Contracting to indicate to the Court in 10 days whether L.F. Wolf Contracting wished to pursue these claims. If L.F. Wolf Contracting did not so indicate, "the claims will be dismissed." L.F. Wolf Contracting never responded to the April 12th Journal Entry. The claims of L.F. Wolf Contracting, Inc., are hereby **DISMISSED WITH PREJUDICE** pursuant to Civ.R 41(B)(1) & (3). All outstanding issues are now resolved.

{¶29} Dismissals without prejudice included BUDS original complaint against all parties on April 5, 2010, appellee's counterclaim against BUDS on January 15, 2013, appellee's cross-claim against C&C Concrete for non-payment of services rendered on January 15, 2013, appellee's cross-claim against C&C Concrete, Wolf, and appellant for quantum meruit on January 15, 2013, appellee's claims against McClelland and Newcomer on January 15, 2013, and appellee's third-party complaint against Christina Switzer on January 15, 2013. Appellee's dismissals of January 15, 2013 were done

pursuant to Civ.R. 41(A). Left intact were appellee's cross-claims regarding the mechanic's lien (Count Two) and unjust enrichment against C&C Concrete, Wolf, and appellant (Count Three). By journal entry and order filed January 22, 2014, the trial court found in favor of appellee as against appellant on its unjust enrichment cross-claim via decision filed November 4, 2011.

{¶30} Pursuant to *Pattison,* the dismissals without prejudice cannot create a final appealable order. In addition, cross-claims remain pending on the validity of appellee's mechanic's lien (Count Two) and the bond posted for the lien, and the unjust enrichment cross-claims against C&C Concrete and Wolf (Count Three). The inclusion of Civ.R. 54(B) language does not "turn an otherwise non-final order into a final appealable order." *Schwab v. Foland,* 5th Dist. Tuscarawas No. 2007 AP 11 0073, 2008-Ohio-4061, ¶ 17, citing *Noble v. Colwell,* 44 Ohio St.3d 92 (1989).

{¶31} The appeal is dismissed for lack of a final appealable order.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 818